# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE TRUDEAU,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN, et al.,<br><br>Defendants. | 1:13cv01691 LJO DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jamie Trudeau ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on October 21, 2013. He names numerous Defendants, identified only by their position.

## A. LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B. SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison ("CSP") and CSTAF.

Plaintiff states that in June 2011, he learned that his attorney had received an offer of four years, with half time, but the offer was not relayed to Plaintiff.

Plaintiff, while in the SHU at CSP, began requesting law library access. From June 2011 to the beginning of August 2011, he went to the law library every eight to nine days, for two hours at a time. Near the end of August 2011, the law library stopped calling him and he started putting in a request each week. In September 2011, Plaintiff was told he was sixth on the list.

In October 2011, Plaintiff sent a request for interview and asked for case law and court addresses. Plaintiff wanted to write to the courts and request transcripts and local rules. A week later, Plaintiff was told that he had to fill out a trust withdrawal to receive the information.

Plaintiff next filed an inmate appeal citing section 3123(a) of Title 15 of the California Code of Regulations. Each week, between September 2011 and November 2011, he filed for General Legal User status.

In November 2011, Plaintiff saw the Senior Law Librarian at CSP. The Librarian told Plaintiff, off the record, that CSP was trying to "do away with" the law library. Compl. 5. He was also told that he was still sixth on the list.

In December 2011, Plaintiff requested law library access as well as court addresses and case law. The request was never answered.

In January 2012, he again requested law library access and the address for the Mendocino County Superior Court. He did not receive a response and a friend eventually gave him the address. Plaintiff was then able to write to the court to request transcripts.

In the beginning of February 2012, Plaintiff was called to the CSP 4B Yard law library.

In the end of February, Plaintiff was transferred to CSATF. He filled out a law library request form each week, from February 2012 to April 2012.

In the middle of April 2012, Plaintiff was called to the law library. He discovered that the library was now computer-based. Because there were no "white inmate" workers, Plaintiff was left to find out how to use the system on his own, and his first visit was a waste. Plaintiff states that workers help members of their own race first.

Plaintiff filled out another request for law library access. He requested access each week from April 2012 through July 2012.

In the middle of July 2012, Plaintiff was called to the library for legal research. Plaintiff states that the only reason he was able to do research was because there was another white man in the library who provided assistance.

Plaintiff did not know when he would get back to the library, so he went ahead and filed a writ of habeas corpus in the Kings County Superior Court. Plaintiff tried to get an injunction for more library access. It was denied in December 2012.

Plaintiff next explains that the only way to get legal copies is through the law library, so he can only make copies when he is called for library access. He had to send his original paperwork to the Kings County Superior Court, and the court has repeatedly denied his request for free copies.

In August 2012, Plaintiff was called to the library for research. He alleges that prior to filing the writ, he was celled every 60 to 120 days. Now, Plaintiff was being called every 30 to 60 days.

In July and August 2012, Plaintiff filed a request for law library access each week.

In September 2012, Plaintiff received a court deadline to respond to his writ of habeas corpus. He filed out a Priority Legal User form and in October 2012, he was called to the library

by the Senior Law Librarian. The Librarian told Plaintiff that she was denying his Priority Legal User request because he did not prove that he had a court deadline. Plaintiff contends that the form indicated that the deadline was in September 2012.

Plaintiff explains that in the last 25 months, he was only given 24 hours total in the law library. Because of this "small amount of time to study the law [he] lost" a writ of habeas corpus in the Kings County Superior Court. He alleges that only receiving two hours every couple of months hampers his access to the courts.

Based on these facts, Plaintiff alleges a violation of his First Amendment right to access the courts. He also alleges that the denial of access to the courts violates the Sixth and Eighth Amendments, and his Fourteenth Amendment right to due process and equal protection.

## C. DISCUSSION

### 1. Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of *each named defendant* and the violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Defendants in administrative positions may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009);

Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff names the following Defendants: CSP Warden from 2011-2012, Captain 4B SHU Yard CSP from 2011-2012, CSP Officer assigned to 4B SHU Yard Law Library from 2011 to 2012, CSP Law Librarian 4B SHU Yard from 2011 to 2012, CSP Senior Law Librarian from 2011 to 2012, CSATF Warden from 2012 to 2013, CSTAF Captain C-Yard from 2012 to 2013, CSATF Senior Law Librarian from 2012 to 2013, and the CSATF C-Yard Law Librarian from 2012 to 2013.[1]

He only includes the Senior Law Librarians at CSP and CSATF in his factual allegations, however. He fails to include any of the other Defendants, identified only by position, in his allegations. Plaintiff therefore fails to state a claim against the Defendants who have not been included in the factual allegations.

2. First Amendment Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff's allegations are too vague to establish that he suffered an actual injury. He alludes to missing a deadline for his writ of habeas corpus, but he does not include enough facts

[1] Plaintiff is informed that if and when the Court finds that he states a claim, the United States Marshal cannot initiate service of process on unknown defendants.

surrounding the deadline to determine if he states a claim. In fact, Plaintiff alleges that after he filed his writ, his law library access increased.

Much of Plaintiff's complaint relates to the frequently and length of his law library visits. Insofar as he believes that these alleged law library deficiencies, alone, violate his right of access to the courts, he is mistaken. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.; Blaisdell v. Frappiea, 729 F.3d 1237, 1244 (9th Cir. 2013).

3. Sixth Amendment

Plaintiff also cites his "Sixth Amendment right of access to the courts." However, the Sixth Amendment provides for access to the courts in the context of a criminal defendant's right to self-representation. A criminal defendant has a constitutional right to conduct his own defense, Faretta v. California, 422 U.S. 806, 834-836 (1975), and the right to self-representation necessarily includes the right to prepare a defense. Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989); Milton v. Morris, 767 F.2d. 1443, 1145-1146 (9th Cir. 1985).

Plaintiff does not appear to be a criminal defendant conducting his own defense. While he may be challenging his sentence using a writ of habeas corpus, the Sixth Amendment is applicable only in criminal proceedings. Under the facts that Plaintiff presents, his access to courts claim is governed by the First Amendment.

Plaintiff therefore fails to state a claim under the Sixth Amendment.

4. Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209,

221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In his allegations, Plaintiff states that he has "a case of being deprived of my liberty by my lawyer when he did not bring [him] a deal of four years with half time." Compl. 13. However, Plaintiff's claims against his lawyer are not at issue in this action and do not create any type of liberty interest in the context of this case.

Plaintiff therefore fails to state a due process claim.

5. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff alleges a violation of equal protection, but he wholly fails to explain why he believes any Defendant has intentionally discriminated against him because of his membership in a protected class. While he suggests that inmate workers help those of their own race in the law library, this does not state a claim against any named Defendant.

6. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff contends that Defendants were deliberately indifferent to his legal needs. Plaintiff's legal needs, however, are not protected under the Eighth Amendment. He therefore fails to state a claim under the Eighth Amendment.

**D. CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against any Defendant.

Plaintiff will be permitted an opportunity to amend his complaint, though he must follow the guidelines above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 20, 2014**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE