# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE TRUDEAU,<br><br>        Plaintiff,<br><br>  vs.<br><br>WARDEN, et al.,<br><br>        Defendants. | 1:13cv01691 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>**THIRTY-DAY DEADLINE** |

      Plaintiff Jamie Trudeau ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on October 21, 2013. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on April 24, 2014. He names numerous Defendants, and except for Warden Diaz, all Defendants are identified only by their positions.

**A.  LEGAL STANDARD**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The events at issue occurred between 2011 and 2014, while Plaintiff was incarcerated at Corcoran State Prison ("CSP") and/or CSTAF.

Plaintiff alleges that in August 2011, law library staff stopped calling him to the law library for General Legal User status. In October of 2011, when Plaintiff requested a court address from the law library staff, he was told he had to fill out a trust withdrawal form. Plaintiff contends that these actions show that staff denied him access to the courts.

2

Plaintiff alleges that he is a defendant in a criminal case (SC-TM-CR-CR-10-001237-002) and contends that he has a Sixth Amendment right to present a non-frivoulous legal claim.

Plaintiff also contends that he filed a writ of habeas corpus in Mendicino County (SUKCRCR-14-2531), and it was denied for unreasonable delay. He states that it took him three years to file the petition. He alleges that this delay was caused by limited law library access, and that staff are hindering his attempts to file a legitimate legal claim.

Plaintiff contends that the Warden, Captain and Senior Law Librarian became aware of the law library issue when he filed inmate appeals. However, rather than fix the issue, they only cited prison policy that each inmate is entitled to two hours of law library time each week.

Plaintiff alleges that from 2012 through 2014, SATF and CSP law library staff denied him access to the law library, which in turn denied him access to the courts to present a non-frivolous legal claim. He alleges that once they became aware that he had a petition for writ of habeas corpus pending in Kings County, his 120-day wait was cut to 30 to 60 days.

Plaintiff also contends that because he is a white inmate, he was not called as much as other inmates. He explains that there are no white inmate workers in the law library, and because the workers help members of their own race first, white inmates have to wait.

In September 2012, Plaintiff received a court deadline for a case in Kings County (12W0095B). He requested Priority Legal User status, but did not receive an answer until the end of October. However, the answer came 20 to 30 days after his deadline. Plaintiff states that he "filed the paper on time but [his] case was dismissed." ECF No. 13, at 8. He contends that law library staff hampered his access to the courts.

Plaintiff also complains that the law libraries at CSP/SATF are not showing inmates how to use computers to access legal materials. The law books are from 2007 or earlier. He also complains that inmates are only permitted to make legal copies during law library time, and only

if the copy machine is working. He believes that these issues have impeded his access to the courts.

Plaintiff appealed the Mendicino County denial of his petition to the appellate court. Because this is a "criminal case" and Plaintiff has not been assigned an attorney, Plaintiff believes that his Sixth Amendment rights have been violated.

C.  **DISCUSSION**

    1.    <u>First Amendment - Access to Courts</u>

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Phillips</u>, 588 F.3d at 655.

Here, insofar as Plaintiff argues that Title 15 of the California Code of Regulations set the standards of inmate access to the courts, he is incorrect. The First Amendment does not question whether prison officials follow their own policies. Rather, the First Amendment is violated when an inmate has suffered an actual injury because of the alleged denial.

In his FAC, Plaintiff references three actions- a criminal case, a petition for writ of habeas corpus in Kings County Superior Court and a petition for writ of habeas corpus in Mendicino County Superior Court. He provides no facts relating to the status of his criminal case, or suggesting that he suffered an actual injury.

As for his petition in Kings County, Plaintiff stated that once staff learned that he had a deadline, his law library wait time decreased. He also states that although he did not receive a

4

response to his request for Priority Legal User status until 20 or 30 days after the deadline, he was able to "file[] the paper on time but [his] case was dismissed." ECF No. 13, at 8. There is no indication that his access was impeded, or that he suffered any actual injury.

Turning to his petition in Mendicino County, Plaintiff states that it was denied because he unreasonably delayed three years in filing it. Although Plaintiff alleges that staff were the cause of this delay, his facts to not support such a finding.

The Court explained these deficiencies to Plaintiff in the prior screening order, but he has failed to correct them.

The Court also explained that Plaintiff's complaints relating to law library deficiencies, alone, do not violate his right of access to the courts. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.; Blaisdell v. Frappiea, 729 F.3d 1237, 1244 (9th Cir. 2013).

For these reasons, Plaintiff fails to state a claim under the First Amendment.

2.      Sixth Amendment

The Sixth Amendment provides for access to the courts in the context of a criminal defendant's right to self-representation. A criminal defendant has a constitutional right to conduct his own defense, Faretta v. California, 422 U.S. 806, 834-836 (1975), and the right to self-representation necessarily includes the right to prepare a defense. Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989); Milton v. Morris, 767 F.2d 1443, 1145-1146 (9th Cir. 1985).

Plaintiff alleges that he is a pro se defendant in a criminal case, though he does not provide any details about the criminal action or what stage the proceedings are in.  It is therefore unclear, then, whether he sustained an "actual injury" stemming from the alleged interference with his Sixth Amendment right to self-representation.  Further, once convicted, Plaintiff's claim is subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id.

For these reasons, Plaintiff does not state a claim under the Sixth Amendment.

3.      Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff alleges that he is a white inmate, and that white inmates are not called to the law library as much as others.  He also argues that he has to wait longer for assistance because non-

white inmate workers help members of their own race first. Plaintiff's claims, however, are not supported by facts and are insufficient to state a claim.

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff's conclusory allegations do not suggest that any Defendant intentionally discriminated against him because he is white.

Plaintiff was advised of the standards of an Equal Protection claim in the prior screening order. However, the allegations in his FAC remain insufficient to state a claim.

### 4. Inmate Appeals

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

Here, Plaintiff's allegations are insufficient to state a plausible claim for relief under the First, Sixth or Fourteenth Amendment. Absent the presentation of facts sufficient to show that a constitutional violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying violation.

## D. **RECOMMENDATION**

Plaintiff's complaint fails to state any cognizable claims against any Defendant. Plaintiff was granted an opportunity to amend, but has failed to correct the factual insufficiencies. Therefore, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For these reasons, the Court RECOMMENDS that Plaintiff's FAC be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **October 17, 2014**                                /s/ *Dennis L. Beck*
                                                                                    UNITED STATES MAGISTRATE JUDGE